UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

RICKEY IRWIN HIGDON, *et al.*, )
)
    Plaintiffs, )
) No. 1:11-CV-194
v. )
) *Collier / Lee*
PATRICK CANNON, *et al.*, )
)
    Defendants. )

## MEMORANDUM AND ORDER

Before the Court is Plaintiffs' motion for reconsideration [Doc. 18]. Plaintiffs, acting *pro se*, seek review of the Court's prior order [Doc. 5] denying Plaintiffs' motion for appointment of counsel [Doc. 3].

Plaintiffs state in this motion that they are both disabled and unable to travel, and the medications they must take sometimes make it difficult for them to understand the legal process, leading to possible errors. Plaintiffs assert they have exhausted all efforts to obtain counsel and have been unable to find any attorney to take the case because the attorneys they approached requested "extremely large sums of money." Plaintiffs have also contacted legal organizations within a 150-mile radius, but assert that the organizations either weren't interested or would not return their calls. Plaintiffs state they desperately need legal representation to resolve the issues asserted in their Complaint.

In the order denying Plaintiffs' earlier motion, the Court noted that the right to counsel in civil cases is "highly circumscribed." *Lariscey v. United States*, 861 F.2d 1267, 1270 (Fed. Cir. 1988). There is a strong presumption that there is no constitutional right to counsel unless the litigant may lose his or her freedom if the action is lost. *Id.* (citing *Lassiter v. Department of Social*

*Servs.*, 452 U.S. 18, 26-27 (1981)). Nonetheless, the trial court has discretion in "exceptional circumstances" to appoint counsel under 28 U.S.C. §§ 1915 (e)(1). *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005). The Court reviewed the factors applicable to the "exceptional circumstances" analysis and found, in relevant part, that although Plaintiffs stated they had consulted with 52 attorneys, Plaintiffs had not outlined any attempts to consult with attorneys who work on a contingency basis. As such, and after reviewing the other factors, the Court concluded Plaintiffs had not shown the existence of exceptional circumstances which would warrant the appointment of counsel.

Plaintiffs have not asserted any new facts establishing exceptional circumstances which would warrant the appointment of counsel. Accordingly, Plaintiffs' motion for reconsideration [Doc. 18] is **DENIED**.

SO ORDERED.

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE